**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAMES R. BROWN,**

**Plaintiff,**

**v.** **12-CV-691**

**DEAN ROWE, Police Officer; and**
**HUDSON NEW YORK POLICE DEPARTMENT,**

**Defendants.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

## I. INTRODUCTION

Plaintiff James R. Brown, proceeding pro se, commenced this action on April 26, 2012. The complaint alleges claims against the defendants pursuant to 42 U.S.C. § 1983 sounding in false arrest and malicious prosecution.[1] Now before the Court is Defendants' motion pursuant to Federal Rule of Criminal Procedure 12(b)(6) seeking to dismiss the complaint in its entirety. See Mot., dkt. 12. Plaintiff opposes that much of the motion

---

[1]Although plaintiff contends that he is asserting only false arrest claims in his complaint, when liberally construed the complaint could be read as asserting a claim of malicious prosecution against Rowe in the Third Cause of Action. See Compl. ¶ 25 ("That at a preliminary hearing, this defendant did give perjured testimony under oath."); see also Wallace v. Kato, 549 U.S. 384, 389-90 (2007)("False arrest and false imprisonment overlap; the former is a species of the latter. . . . Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.")(citations and interior quotation marks omitted).

seeking to dismiss the claims against the Hudson Police Department, but asserts that he has withdrawn the claims against Defendant Rowe "because plaintiff[']s conviction [stemming from the arrests by Rowe] remains intact." Pl. Opp. Aff. ¶¶ 7-8, dkt. # 17. Plaintiff states that he intends to pursue post-conviction remedies to have his convictions vacated, and then will reassert the claims against Rowe. Id. He argues that dismissal of the claims against Rowe should, therefore, be without prejudice. Defendants argue that the dismissal should be with prejudice because there exists other valid reasons for the dismissal of these claims that cannot be cured by re-pleading. See Reply MOL, pp. 1-2.

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d

ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949. Legal conclusions must be supported by factual allegations. Iqbal, at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

## III. DISCUSSION

### a. Claims Against Dean Rowe

As indicated above, Plaintiff concedes that he cannot sustain any claims against Rowe (Causes of Action One through Four) because his convictions arising from Rowe's arrests remain intact. Pl. Aff., ¶ 7. Plaintiff is correct that the claims are subject to dismissal. The subsequent convictions necessarily indicate that there existed probable cause to arrest plaintiff, and any malicious prosecution claim is barred because the prosecutions did not end favorably to plaintiff. See Williams v. City of New York, 368 Fed.

Appx. 263, 264 (2d Cir. March 08, 2010);[2] Pooler v. Hempstead Police Dept. --- F. Supp.2d ----, 2012 WL 4060743, at *5 (E.D.N.Y Sept. 14, 2012);[3] see also See Devenpeck v. Alford, 125 S. Ct. 588, 593 (2004);[4] Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010);[5] Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006).[6] Moreover, the claims "are barred by the favorable termination doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994)." Williams, 368 Fed. Appx. at 264;[7] see Younger v. City of N.Y., 480 F. Supp.2d 723, 730 (S.D.N.Y. 2007).[8] Thus,

---

[2]("Williams's claims, principally of false arrest, malicious prosecution, and false imprisonment, with respect to several charges arising out of a single arrest, are barred as a matter of law because of the unrebutted presumption of probable cause created by the grand jury's indictment of him on those charges and/or because those charges were not terminated in a manner indicating his innocence.")

[3]("This Court . . . finds that the false arrest and malicious prosecution claims cannot survive summary judgment because of [plaintiff's] conviction for the underlying offense.")

[4]("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.")

[5]("Probable cause exists if at the time of the arrest 'the facts and circumstances within th[e officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'")(citing Beck v. Ohio, 379 U.S. 89, 91 (1964))

[6](The relevant inquiry is whether "probable cause existed to arrest a defendant" and "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest.")

[7]In Heck, the Supreme Court "confronted the question of whether, given the overlap between § 1983 and the federal habeas corpus statute, a prisoner seeking civil damages may proceed with a § 1983 claim where success on the claim necessarily would implicate the unconstitutionality of the prisoner's conviction or sentence." Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir.1999) (citing Heck, 512 U.S. at 480–90). The Supreme Court in that case explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

(continued...)

plaintiff's claims against Rowe must be dismissed.

To the extent that the parties argue over whether the dismissal should be with or without prejudice, plaintiff's decision to withdraw the claims is not dispositive of this issue. Rather, the Court looks to the other arguments presented for dismissal to determine whether the claims may be re-pleaded *if* plaintiff is able to vacate his convictions.[9]

**1. First and Second Causes of Action**

All of the allegations in the Complaint are brought pursuant to 42 U.S.C. § 1983 alleging deprivations of plaintiff's federal constitutional rights. See generally Compl.; see also Pl. Aff., § 9 (attesting that he brings claims under § 1983 only, not under state law). The First and Second Causes of Action sound in false arrest based on a May 3, 2011 arrest by Rowe accusing plaintiff of possessing a stolen laptop computer. See Compl ¶¶ 6-9, 16-19. Defendants argue that Rowe is entitled to qualified immunity on the claims in the First and Second Causes of Action. The Court agrees.

While qualified immunity is usually not susceptible to resolution at the Rule 12(b)(6) stage, the allegations in the Complaint and its attachments demonstrate that Rowe is entitled to this immunity on these claims. Attached to the Complaint is a sworn deposition

---

[7](...continued)

> invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted) (emphasis in original).

[8](holding that plaintiff's claims for false arrest/imprisonment and malicious prosecution were barred by his plea of guilty pursuant to Heck)

[9]Plaintiff's argument that his claims against Rowe should be dismissed without prejudice because he intends to seek to have his convictions vacated is tenuous at best. He has not pleaded that he has instituted any action in any court seeking to reverse or vacate his conviction on any of the convictions relevant to this action.

from Brandon Santos. Compl. ex. B. Santos attests that he purchased the stolen laptop computer from an individual outside of a bar in the City of Hudson. Id. Santos had purchased other "stuff" from the seller before, and described the seller as an African America male "in his forties about 6'1" or 6"2" maybe 180 pounds" with a scar on his face. Id. In the arrest report, also attached to the Complaint, Plaintiff is described as a male, age 45, Black, 5'10," 180 pounds, with a scar near his left eyebrow. Id. Santos further attests that he "picked out the black guy who sold me the computer in four different [Police Department mug shot] pictures." Id.

Also attached to the Complaint is a sworn statement by plaintiff. Compl. ex. A. In this, plaintiff attests, *inter alia,* that when questioned by Rowe about the stolen laptop, plaintiff stated that he had previously helped two people "sell their computers ... so that they [could] buy drugs," but that he did not "recall seeing" the laptop in question (Rowe showed plaintiff a picture of the stolen laptop), that he would "need a few days to think about it," and that if he "didn't get back to [Rowe], that is to be taken to mean that [he had] no" involvement with the laptop. Compl. Ex. A.

Based on Santos' identification of an individual matching plaintiff's description as the seller of the stolen laptop, Santo's selection of plaintiff's picture from the Police Department's mug shots, and plaintiff's statement that he had aided in the sale of other computers to help with drug purchases, Rowe had, at the least, arguable probable cause to arrest plaintiff for possessing stolen property. See Droz v. McCadden, 580 F.3d 106,

109 (2d Cir. 2009);[10] see also Coons v. Casabella, 284 F.3d 437, 441 (2d Cir. 2002);[11] Hahn v. County of Otsego, 820 F. Supp. 54, 55 (N.D.N.Y. 1993),[12] aff'd, 52 F.3d 310 (2d Cir. 1995). Indeed, reasonable officers objectively viewing the available evidence could have believed that they had probable cause to arrest plaintiff for possessing the stolen laptop and selling it to Santos outside the bar in the City of Hudson. Thus, even if plaintiff were to invalidate his conviction on these charges,[13] Rowe is still entitled to qualified immunity. Accordingly, the First and Second Causes of Action are dismissed with prejudice.

**2. Third Cause of Action**

The Third Cause of Action arises from an April 9, 2007 arrest for stealing a purse. The charge was resolved by Plaintiff's guilty plea to "reduced charges" on July 9, 2007. See Compl. ¶¶ 22-27. Plaintiff asserts that Rowe secured his arrest by false testimony to a judge to obtain an arrest warrant, compl. ¶ 23, and that Rowe committed perjury at the subsequent preliminary hearing by falsely testifying that plaintiff confessed to haven stolen the purse and that the Police Department possessed a video tape of plaintiff stealing the

---

[10]("'Arguable probable cause [which establishes qualified immunity with respect to a false arrest claim] exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law.'")(quoting Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007)(bracketed language in Droz, emphasis in Zellner).

[11]("[P]olice officers are not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."))

[12]("A probable cause determination does not require proof beyond a reasonable doubt; it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment.")

[13]Plaintiff's conviction from the arrest forming the basis of the First and Second Causes of action was obtained pursuant to his guilty plea. Plaintiff has neither alleged nor presented any argument that this guilty plea was not knowingly and voluntarily entered.

purse. Compl ¶ 25.

Inasmuch as plaintiff asserts that he was "arrested and jailed" on April 9, 2007 based upon the arrest warrant that Rowe purportedly obtained under false pretenses, the Court presumes that plaintiff was arraigned on the charge at the time he was "jailed." Consequently, Plaintiff's claim for false arrest arising from the April 9, 2007 arrest accrued on April 9, 2007. See Wallace v. Kato, 549 U.S. 384, 397 (2007).[14] Plaintiff failed to institute this action within 3 years of the accrual of this false arrest claim, see Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir.1997),[15] and he fails to present a meritorious argument to toll the expiration of the statute of limitations. Accordingly, the false arrest claim contained in the Third Cause of Action is barred by the statute of limitations and must be dismissed with prejudice.

Plaintiff's claim of malicious prosecution in the Third Cause of Action is also barred by the statute of limitations. Plaintiff knew or had reason to know of the injury that is the basis of the malicious prosecution claim by July 9, 2007 when he was allegedly "forced to plead out to get out of jail," Compl. ¶ 27, at which time any malicious prosecution claim accrued. See Dellutri v. Village of Elmsford, --- F. Supp.2d ----, 2012 WL 4473268, at *5 (S.D.N.Y. Sept. 18, 2012).[16] Because the action was not commenced within three years of

---

[14]("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.")

[15](New York's three-year statute of limitations for an action to recover damages for a personal injury, N.Y.C.P.L.R. § 214(5), governs section 1983 actions in New York)

[16]The Southern District wrote in Dellutri:

> Although the statute of limitations period is governed by state law, "federal law governs the question of when a Section 1983 claim accrues." Rene v. Jablonski, No. 08–CV–3968, 2009 WL 2524865, at

(continued...)

the accrual of any malicious prosecution claim contained in the Third Cause of action, it too must be dismissed with prejudice.

**3. Fourth Cause of Action**

The Fourth Cause of Action is nothing more than a reiteration of plaintiff's claims continued in the first three Causes of Action against Rowe, and amounts merely to a general complaint against Rowe without any specific theory of liability other than asserted in the first three Causes of Action. Accordingly, the Fourth Cause of Action is dismissed with prejudice.

**b. Claims against the Hudson New York Police Department**

**1. Police Department as a Proper Defendant**

The Court next addresses plaintiff's claims against the Hudson New York Police Department. Defendants correctly note that the Hudson Police Department is not an entity subject to suit under New York law. See In re Dayton, 786 F. Supp.2d 809, 818 (S.D.N.Y. 2011);[17] Moffett v. Town of Poughkeepsie, 2012 WL 3740724, at *1, n.1 (S.D.N.Y. Aug.

[16](...continued)
*5 (E.D.N.Y. Aug.17, 2009) (citing M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003)). "Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." M .D., 334 F.3d at 221 (internal quotation marks omitted); see also Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (noting that federal law determines when a Section 1983 cause of action accrues, and that it begins "when the plaintiff knows or has reason to know of the injury which is the basis of his action" (internal quotation marks omitted)); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980) (applying rule of accrual to claims brought pursuant to Section 1983).

[17]("several cases have held that municipal departments cannot be sued under New York law") (collecting cases)

29, 2012);[18] Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002).[19] Because [1] Defendants have opted to argue the dismissal motion pertaining to the Hudson New York Police Department ("Police Department") as if it were a properly sued entity, reserving their right to seek dismissal if the claims against the Police Department survive, see Def. MOL p. 17, fn. 2; [2] the Second Circuit has directed district courts to grant leave to pro se litigants to allow them to amend their pleadings in such circumstances to name the municipality in which the police department sits as the real party in interest, see Morris v. New York City Police Dept., 59 Fed. Appx. 421, 422-23 (2d Dept. 2003); and [3] the Court is required to read pro se complaints liberally and as raising the strongest legal argument that they suggest, the Court will substitute the City of Hudson ("the City") for the Police Department for purposes of this motion only.

**2. Monell - Background & Claims**

Plaintiff's claims against the City arise from his several arrests by unnamed Hudson Police officers for violating the loitering-begging statute, N.Y. Penal L. 240.35(1).[20] In this regard, plaintiff was first arrested for violating this statute on April 19, 2009. After he was arrested, he was found to be in possession of controlled substances and charged accordingly. On June 17, 2009, the Hudson City Court dismissed the loitering-begging charge because the statute had been declared "unconstitutional as violative of First

---

[18]("Under New York law, the Town of Poughkeepsie Police Department is an administrative arm of a municipality and does not have a separate legal identity.")

[19]("[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued.")

[20]This statute provides that a person is guilty of "loitering when he ... [l]oiters, remains or wanders about in a public place for the purpose of begging ...."

Amendment protections of free speech" by the Second Circuit in Loper v. New York City Police Dept., 999 F.2d 699 (2d Cir. 1993). See Hudson City Ct. 6/17/09 Op. in People v. Brown, attached to Compl. as ex. D. The Hudson City Court also dismissed the additional charges as the fruits of an unconstitutional arrest. Id.

On June 1, 2010, plaintiff was again arrested for violating the loitering-begging statute, and was also charged with criminal possession of a controlled substance and possession of a hypodermic instrument. These charges were dismissed on November 23, 2010. See Compl. ex. C.

The New York loitering-begging statute was repealed by New York State effective July 30, 2010. See N.Y. Penal L. § 240.35 (McKinney's 2010). Plaintiff was arrested on September 15, 2010, again for violating the loitering-begging statute on two separate occasions, September 8 and 15, 2010. He was arraigned on September 23, 2010 at which time the charges were dismissed. Compl. ex. A.

Plaintiff asserts as his Fifth Cause of Action that on April 19, 2009, the City of Hudson "wrongfully arrested plaintiff for violation of Penal Law 240.35(1)" in deprivation of his "First Amendment rights." Compl. ¶ 36. In the Sixth Cause of Action he asserts that the City of Hudson "wrongfully arrested plaintiff a second time for the same loitering-begging offense." Id. ¶ 39. With regard to this second arrest, Plaintiff asserts that because "defendant" had already been advised that the statute was unconstitutional, his arrest violated his First, Fourth, and Fourteenth Amendment rights. Compl. ¶¶ 40-41. In the Seventh Cause of Action, plaintiff asserts that the City of Hudson "did wrongfully arrest [him] two more times on the loitering/begging offenses . . . knowing that the arrests were patently illegal . . . show[ing] defendant's gross disregard and deliberate indifference to

plaintiff's right to due process and equal protection of law." Id. ¶¶ 42-43. In the Eighth Cause of Action, Plaintiff asserts that "defendants [*sic*] did instigate and practice a policy of deliberate indifference by systematically and repeatedly arresting plaintiff for violating a New York penal law (240.35(1)), they [*sic*] knew had been declared unconstitutional." Id. ¶ 45.[21] Plaintiff does not present a cognizable claim that would constitute a Ninth Cause of Action. See Compl. & fn. 15, *supra.* The Tenth Cause of Action asserts "[t]hat at all times hereinafter mentioned, the cause of actions alleged in One through Nine *supra*, did directly cause plaintiff substantial harm and did injure plaintiff in a significant manner and directly caused plaintiff's repeated arrests." Compl. ¶ 48.

**2. Fifth, Sixth, and Seventh Causes of Action**

A municipality cannot be held liable under Section 1983 solely on a theory of respondeat superior. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 692, 98 S. Ct. 2018 (1978). Rather, a Section 1983 claim can only be brought against a municipality if the action that is alleged to be unconstitutional was the result of an official policy or custom. Id. at 690–91. A plaintiff must allege that such a municipal policy or custom is responsible for his injury. Bd. of Cnty. Commis. of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997); see also Connick v. Thompson, —— U.S. ——, 131 S. Ct. 1350, 1360 (2011).[22] "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under

[21] Plaintiff's Complaint is missing a page starting in the middle of the quoted sentence. The Court notified plaintiff and instructed him to submit a copy of the missing page. He submitted a copy of a portion of the page by facsimile transmission. See dkt. 25. Plaintiff failed to respond to the Court's requests for the full page, id., so the Court will decide the motion based upon what has been submitted.

[22] ("A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting Monell, 436 U.S. at 692))

Monell." Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed.2d 791 (1985).

Plaintiff does not assert in the Fifth, Sixth, or Seventh Causes of Action that a policy or practice by the City of Hudson caused him injury. Rather, he asserts what sounds to be respondeat superior claims for the identified arrests in each of these Causes of Action. Further, the Fifth and Sixth Causes of Action concern individual arrests, and the Seventh Cause of Action concerns two individual arrests without an allegation that the arrests were the result of a municipal policy or practice. Thus, the Fifth, Sixth, and Seventh Causes of Action are dismissed for failure to plead a plausible claim that a policy or practice caused a constitutional deprivation.

**3. Eighth Cause of Action**

In the Eighth Cause of Action, Plaintiff asserts in conclusory fashion that his several arrests for violating the loitering statute were caused by a policy or practice of the Police Department. He does not identify what the policy was, whether it was applied to others, or whether his arrests were the results of individual decisions by the unnamed arresting officers. Nevertheless, under the circumstances alleged in the Complaint which assert that Plaintiff was repeatedly arrested for violating a statute that was known to be invalid, plaintiff presents a plausible Monell claim sounding in the failure to train or supervise the Police Department's officers in the proper and justifiable bases for arrests. See Okin v. Village of Cornwall-On-Hudson Police Dept., 57 7F.3d 415, 440 (2d Cir. 2009).[23] Because

---

[23]("A municipality may be found to have a custom that causes a constitutional violation when 'faced with a pattern of misconduct[, it] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'" )(quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007)).

the Eighth Cause of Action names an improper party, the claim will be dismissed with leave to re-plead against the proper party.

### 4. Ninth and Tenth Causes of Action

The Ninth Cause of Action fails to set forth a plausible Monell claim and, therefore, is dismissed. The Tenth Causes of Action appears to be an attempt to combined all of the allegation in the Complaint into a naked assertion of liability. This is insufficient and fails to set forth a plausible Monell claim. It, too, is dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [dkt.# 12] is **GRANTED**. All claims against Defendant Dean Rowe are **DISMISSED WITH PREJUDICE.** All claims against the Hudson New York Police Department are **DISMISSED.** Because the Hudson New York Police Department is not a proper party, Plaintiff is entitled to re-plead these claims against the proper party. If Plaintiff intends to re-plead using the instant civil action number, he must file a new complaint within thirty (30) days of the date of this Decision and Order. If he fails to do so, the Clerk of the Court shall close this file. If plaintiff files a new complaint, he must understand that it will completely supersede the now-dismissed complaint and he cannot incorporate by reference any allegations contained in the now-dismissed Complaint. Further, plaintiff must effect service of process of the new complaint and a summons on the newly-named defendant.

**IT IS SO ORDERED**

**Dated:** November 7, 2012

Thomas J. McAvoy
Senior, U.S. District Judge